The People *ex rel.* Banta agt. Kent.

---

## SUPREME COURT.

THE PEOPLE *ex rel.* JACOB J. BANTA and the said JACOB J. BANTA agt. THEODORE S. KENT.

*Appeal — Form of judgment from which appeal is taken — Report of referee and entry of judgment thereon — A simple confirmation of a referee's report not a final judgment.*

In an action brought by The People on relation of B. and by said B., who unites therein against the defendant K., to determine the right of said K. to the office of inspector of weights and measures in the city of New York, the referee to whom the issues were referred found, among other conclusions, that neither B., the relator, nor K., the defendant, was lawfully entitled to said office; that the plaintiff, The People, were entitled to judgment against the right of the relator B. to hold said office and that he be ousted and removed therefrom, and he directed judgment to be entered accordingly; that the plaintiff, The People, were also entitled to judgment against the defendant K.; that he be ousted and removed from the office and for costs in this action, and he directed judgment to be entered accordingly. The relator excepted to the conclusions of law that neither he nor K. was lawfully entitled to the office, and to the conclusion that The People were entitled to judgment against him.

The only judgment shown by the papers to have been entered is briefly as follows: That said K. was not duly and legally appointed to the office, and that he has intruded himself into said office and is exercising the duties thereof without lawful authority, and it is ordered and decreed that the report of said referee be, in all things, confirmed, and that the said K. be ousted and excluded from said office and that the plaintiffs recover of said defendant their costs. From this judgment B. appealed:

*Held,* that there is nothing in the judgment as it appears in the papers upon which B. can sustain his appeal. The judgment, as entered, instead of being one against him is in his favor, so far at least as a recovery of costs is concerned.

*First Department, General Term, October,* 1876.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from judgment entered on report of referee.

*L. S. Chatfield,* for people.

*F. A. Ransom,* for relator.

DAVIS, *P. J.* — This action was brought by the people on the relation of Jacob J. Banta and by said Jacob J. Banta, who unites therein against the defendant Kent to determine the right of said Kent to the office of inspector of weights and measures in the city of New York. The complaint alleges that the plaintiff Banta is entitled to the office and its emoluments and fees.

Section 436 of the Code provides, that in every case judgment shall be rendered upon the right of the defendant, and also upon the right of the party so alleged to be entitled, or only upon the right of the defendant, as justice shall require.

The answer of the defendant Kent alleged, in substance, that he was appointed to the office in question by the mayor and board of aldermen and duly commissioned on the 20th day of May, 1873, and immediately entered upon the duties of the office, and has ever since continued to perform them;

that the relator was appointed on the same day, and was, in the month of August following, removed for misconduct in office and another person appointed in his place.

The issue was referred, and the referee upon the trial, after finding various facts touching the alleged appointment of the relator, the defendant and one Kneissel, as inspectors of weights and measures, found, amongst other conclusions, that neither Banta, the relator, nor Kent, the defendant, was lawfully entitled to the said office of inspector of weights and measures, and that each of them, without any right or legal authority, had intruded into and unlawfully held and exercised said office; that the plaintiffs, The People of the state of New York, were entitled to judgment against the right of the relator, Jacob J. Banta, to hold said office, and that he be ousted and removed therefrom, and he directed judgment to be entered accordingly; that the plaintiffs, The People of the state of New York, were also entitled to judgment against the defendant, Kent; that he be ousted and removed from the office, and for costs in this action; and he directed judgment to be entered accordingly. The relator excepted to the conclusions of law that neither he nor Kent was lawfully entitled to the office, and that each, without right, had intruded into and exercised said office, and to the conclusion that The People were entitled to judgment against him. The only judgment that the papers show to have been entered in the case is in this form :

THE PEOPLE OF THE STATE OF NEW
YORK ON THE RELATION OF JACOB J.
BANTA AND THE SAID JACOB J. BANTA
*against*
THEODORE S. KENT.

The hon. James C. Spencer, to whom the action above entitled was duly referred as sole referee to hear and determine the same, and said referee° having sent hither his report wherein he finds that said Theodore S. Kent was not duly and

The People *ex rel.* Banta agt. Kent.

legally appointed an inspector of weights and measures in and for the city of New York, or any district thereof, and that said Theodore S. Kent has intruded into said office, and is exercising and discharging the duties thereof without lawful right or authority. Now, it is adjudged, ordered and decreed that said report of said referee be in all things confirmed. And it is further ordered, adjudged and decreed that the said Theodore S. Kent be ousted and excluded from said office of inspector of weights and measures, and enjoined and prohibited from exercising the same under his alleged appointment, and that the above plaintiffs recover of said defendant their costs as adjusted, amounting to the sum of $163.

From this judgment Banta appealed, and his notice states the appeal to be from the judgment entered against him, the said relator and plaintiff, Jacob J. Banta, upon the report of the referee, entered on the 12th of September, 1876, and from each and every part of said judgment.

The papers show no other judgment than that above recited, and that is a judgment against the defendant, Kent, alone.

It does not conform to the report of the referee and does not adjudge that Banta is not entitled to hold the office, and that he be ousted and removed therefrom; it recites no part of the report except that which relates to the defendant, Kent. After reciting that part which directs judgment against the title of Kent to the office, there is a general clause in the judgment which says:

"It is adjudged, ordered and decreed that said report of the referee be in all things confirmed."

. This must be held, we think, to relate to such parts of the report as are recited in the judgment, and is not sufficient to constitute it a judgment against the relator, Banta. A simple confirmation of a report is not a final judgment as contemplated by the Code. To treat it as such would introduce an extreme looseness of practice. Kent alone is the party aggrieved by the judgment entered, and the papers do not show any appeal on his behalf. We think there is nothing in

the judgment as it appears in the papers before us upon which Banta can sustain his appeal. Perhaps another judgment affecting him has also been entered. If so, it should be made to appear, for the judgment now entered instead of being one against him is in his favor, so far at least as a recovery of costs is concerned.

This appeal should, therefore, be dismissed, without costs and with leave to Banta, if he shall so elect, to enter up judgment in the form directed by the referee, for the purpose of bringing before the court in proper form, the question intended to be raised on this appeal.